THORNTON *v.* BRITTON and others.

*(Circuit Court, W. D. Pennsylvania.   July 16, 1881.)*

1. WILLS—PRINCIPLES OF CONSTRUCTION—DEVISES—RESIDUARY CLAUSES.

In construing a will, regard must be had to the fundamental principle that every part is to take effect if possible.

A tract of land was devised to Eliza Ann, natural daughter of testator's son Nelson, with this proviso : *"Provided,* that, should the said Eliza Ann die in her minority, and without lawful issue then living, the land hereby devised shall revert and become part of the residue of my estate hereinafter disposed of."

The residuary clause devised the residue, real and personal, to the executors, with power to sell real estate, the income from residue to accumulate until the eldest grandchild should attain the age of 21 years, or until the death of testator's son William, whichever should first occur; " then the residue to be equally divided among the grandchildren then living and the children of any who may be dead leaving issue, said Eliza Ann to be considered a grandchild and to share as such; and in making such division the amount of the devises made to Joseph, son of my son William, and to the said Eliza Ann, according to an estimate of their present value, to be made by three men to be appointed by my executors or by the orphans' court, to be charged to them or their children as their respective shares."

William Thornton, testator's son, died in the year 1852. Eliza Ann married, and in January, 1857, died without issue and under age.

*Held,* that Eliza Ann took the said tract of land under the special devise thereof and subject to the conditional limitation expressed in said devise, and not at all by virtue of the residuary clause.

Upon the death of Eliza Ann under age, without leaving issue, her estate in said tract of land became extinct.

The valuation directed to be made by the residuary clause was merely for the purpose of determining whether she was entitled to receive anything more out of testator's estate.

Ejectment.   *Sur* motion *ex parte* defendants for a new trial.

The plaintiff, the grandchild of Joseph Thornton, deceased, and only surviving heir, brought this action to recover a tract of land in Fayette county, Pennsylvania, devised by Joseph Thornton to Eliza Ann,

natural daughter of his son Nelson, subject to limitation, as expressed in the will. Defendants claimed title under conveyance from the surviving husband of Eliza Ann. The cause was tried before *Acheson*, D. J., and the court submitted to the jury the question whether Eliza Ann died under or over the age of 21 years, and on this issue the jury found for the plaintiff, to-wit, that she died under the age of 21 years. The defendants claimed that by the residuary clause of Joseph Thorntorn's will the estate of Eliza Ann, in the land devised to her, was enlarged to a fee, and that upon her death the same descended to her husband, under whom defendants held. The provisions of the will are set out in the opinion of the court.

*George Shiras, Jr.*, and *D. Kaine*, for the motion.

*C. E. Boyle*, *G. W. Minor*, and *R. B. Petty*, contra.

ACHESON, D. J. The only ground urged in support of the motion for a new trial is the supposed erroneous instruction of the court in respect to the estate which Eliza Ann Thornton took in the tract of land in controversy under the will of Joseph Thornton, deceased. The testator devised this land to Eliza Ann, the natural daughter of his son Nelson, with this proviso:

"*Provided*, that should the said Eliza Ann die in her minority, and without lawful issue then living, the land hereby devised shall revert and become part of the residue of my estate hereinafter disposed of."

This devise has been twice considered by the supreme court of Pennsylvania. In *Thornton's Executors* v. *Krepps*, 37 Pa. St. 393, that court held that the estate devised to Eliza Ann—

"Is a fee-simple, subject to an executory devise; that is, a conditional limitation by will, which defeats it and substitutes another estate in its stead, if the devisee should die *both* under age and without issue then living."

More recently, in the unreported case of *Britton* v. *Thornton*, the same court held that—

"As to this particular tract of land, the estate of Eliza Ann clearly became extinct, by the terms of the will itself, at the time of her death without issue."

That this is the true construction of the devise, looking alone to the terms of the above-quoted proviso, is too plain for argument. But it is strenuously insisted that this proviso is modified by, and must yield to, the subsequent provisions of the will contained in the residuary clause, in view of the admitted fact that the testator's son William died before Eliza Ann, to-wit, in the year 1852. The residuary clause begins thus:

" *Item*: All the rest and residue of my estate, not hereinbefore disposed of, I give, devise, and bequeath to my executors."

Then, after authorizing his executors to sell any of his real estate "not herein fully disposed of," it proceeds :

" It is my will that the rents, issues, and profits of the real estate given to my executors, or the proceeds thereof if sold, and the dividends of all my stocks given to them, or the proceeds if sold, and the proceeds of all other personal estate not required to pay debts and legacies hereinbefore given, be invested by my executors in stock, or put out at interest, and suffered to accumulate until my eldest grandchild then living shall attain the age of 21 years, or until the decease of my son William, whichever shall first occur, and then the whole to be equally divided among all my grandchildren then living, and the children of any who may be dead leaving issue, such issue to take by representation. The said Eliza Ann, natural daughter of my son Nelson, to be considered a grandchild, and to be entitled to share as such. And in making such division, the amount of the devises made to Joseph, son of my son William, and to the said Eliza Ann, according to an estimate of their present value, to be made by three men appointed by my executors, or by the orphans' court, to be charged to them or their children as part of their respective shares."

Now, in construing the recited clauses, regard must be had to the fundamental principle that every part of the will is to take effect if possible. Says Mr. Jarman, (1 Jar. on Wills, 415, 416:)

" But the rule which sacrifices the former of several contradictory clauses is never applied but on the failure of every attempt to give the whole such a construction as will render every part of it effective."

It is said in *Sheetz's Appeal*, 82 Pa. St. 213 :.

" The clearly-expressed purpose of the testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly-announced main intention."

Here the devise to Eliza Ann Thornton of the tract of land in controversy was the principal provision which the testator made for her, and his distinctly-announced intention in respect thereto was that in case she should die in her minority, and without lawful issue then living, the land so devised should revert and become part of the residue of his estate. What is there in the residuary clause which imperatively requires that the testator's intention thus plainly declared should be overthrown? Wherein is there any repugnancy between the terms of the proviso to the particular devise to Eliza Ann, and the directions contained in the residuary clause? It is quite plain that the residuary clause has relation primarily to those portions of the estate not disposed of by the previous provisions of the will. The income therefrom was to accumulate until the testator's eldest living grandchild should attain the age of 21 years, or

until the death of his son William, whichever should first occur, and then the division thereof was to be made; Eliza Ann to be considered a grandchild, and to be entitled to share as such. True, in making the division the land devised to Eliza Ann was to be valued and charged to her. But why? Clearly to the end that the testator's other grandchildren might be made equal with Eliza Ann before she received any part of the residuary estate then to be distributed. The fallacy of the argument of the learned counsel for the defendants, as it seems to me, lies in the assumption that, upon the death of the testator's son William, in the year 1852, the tract of land devised to Eliza Ann fell into the residue and passed under the residuary clause. Not so. The special devise to her still remained in full force, and the valuation directed to be made was merely for the purpose of determining whether she was entitled to receive anything more out of the testator's estate. Eliza Ann took this tract of land not at all by virtue of the residuary clause, but under the special devise thereof, and subject to the conditional limitation expressed in the proviso already quoted. The land was to revert and become part of the residuary estate *only* in case she should die in her minority and without lawful issue then living, and *when* she so died. Dying January 23, 1857, under age, as the jury have found, and without living issue, the land thereupon reverted and became part of the residuary estate; but Eliza Ann being dead, and having left no issue, the land went to the other beneficiaries entitled under the residuary clause, viz.: the testator's grandchildren then living.

And now, July 16, 1881, the motion for a new trial is denied, and it is ordered that judgment in favor of the plaintiff be entered on the verdict.